UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 22, 2020

-against-

19-CR-903 (KMW)

**OPINION & ORDER**

JORGE SOTO,

Defendant.
---------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

Defendant Jorge Soto is detained at the Metropolitan Correctional Center in New York City ("MCC"), awaiting trial on charges of narcotics conspiracy and unlawful possession of a firearm. On April 10, 2020, Magistrate Judge James L. Cott denied Defendant's application for pretrial release on bail.

Defendant now moves for an order granting his temporary release, or, in the alternative, for a bail hearing, based on his medical conditions and the COVID-19 pandemic. In support of his motion, Defendant submits medical records that were unavailable to his counsel at the time of his initial bail application. Because Defendant cannot overcome the presumption that he would pose a danger to the community if he were to be released, Defendant's motion is DENIED.

## BACKGROUND

On October 9, 2019, Defendant was presented before Magistrate Judge Ona T. Wang and detained on consent. (ECF No. 3.) Since that time, Defendant has been detained at the MCC.

On December 13, 2019, Defendant waived indictment and was arraigned on a criminal information charging him with (1) participating in a conspiracy to traffic heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); (2) possessing a firearm in connection with a drug trafficking

crime, in violation of 18 U.S.C. § 924(c); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  (ECF Nos. 10, 11.)

On April 1, 2020, Defendant applied to be released on bail, based on his medical conditions, the spread of COVID-19 at the MCC, and the restrictions on legal visits at the MCC that were implemented to slow the spread of COVID-19.  (ECF No. 19.)  After a hearing, Judge Cott denied Defendant's application.  Judge Cott reasoned that Defendant would pose a flight risk and a danger to his community if released on bail, and that the record before him was insufficient to find that Defendant faced a pronounced risk from infection with COVID-19.  (ECF No. 26, Ex. A at 30–33.)

On June 8, 2020, Defendant submitted the instant motion.  (ECF No. 26.)

## LEGAL STANDARD

The court must detain a defendant pending trial if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Where, as here, a defendant is charged with a controlled substance offense for which the maximum term of imprisonment is ten years or more, or an offense under 18 U.S.C. § 924(c), there arises a rebuttable presumption that there are no conditions of release that will reasonably assure the defendant's appearance and the safety of the community.  18 U.S.C. § 3142(e)(3).  A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on the bail determination.  *Id.* § 3142(f).

A court that has denied a defendant's initial bail application may subsequently order the defendant's temporary release if the court "determines such release to be necessary for

2

preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).   A defendant's serious medical conditions can constitute a compelling reason for release.   *See United States v. Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (Nathan, J.) (collecting cases).   In deciding whether to temporarily release a defendant to whom bail was previously denied, "a court must balance the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention."   *United States v. Chambers*, No. 20-CR-135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (Furman, J.) (citation and internal quotation marks omitted).   A defendant seeking temporary release under § 3142(i) has the burden of showing that temporary release is "necessary" in his or her case. *Stephens*, 2020 WL 1295155, at *2 (citation omitted).

## DISCUSSION

The Court accepts Defendant's medical records as reliable evidence of his medical conditions, which include asthma and Chronic Obstructive Pulmonary Disease ("COPD").   The Court finds that Defendant suffers from conditions that would place him at a heightened risk suffering severe illness, were he to become infected with COVID-19.[1]

Nonetheless, after weighing the considerations that led Judge Cott to deny bail, the Court finds that the risk Defendant faces from COVID-19 does not justify releasing him.   Defendant cannot overcome the presumption that no set of conditions of release exist that would reasonably assure the safety of the community.   Defendant is charged with serious firearms and narcotics offenses.   Defendant admitted to law enforcement that he possessed a loaded firearm, which he

---

[1] Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): At Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (accessed June 17, 2020) (identifying moderate-to-severe asthma and COPD as conditions placing individuals at heightened risk from COVID-19).

3

knew was stolen. Narcotics and narcotics paraphernalia were recovered from Defendant's apartment. Defendant engaged in these activities while on probation for another offense, casting into doubt Defendant's ability to comply with the strict conditions of supervision he proposes.

In addition, Defendant has been convicted of well over a dozen offenses in the past. Although many of his prior convictions were for minor drug possession offenses, several were very serious, such as Defendant's convictions for criminally possessing a weapon and distributing narcotics. In light of the serious conduct underlying the instant charges, as well as Defendant's criminal history, the Court finds that no conditions of release would reasonably assure the safety of the community, were Defendant to be released.

## CONCLUSION

For the foregoing reasons, Defendant's motion for temporary release or a bail hearing is DENIED.

SO ORDERED.

Dated: New York, New York
June 22, 2020

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge